IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| UNITED STATES OF AMERICA, PLAINTIFF, Vs. JASON LAUFENBERG, DEFENDANT. | Case No. 23-CR-1008 **APPEAL OF MAGISTRATE'S DETENTION ORDER** |
|---|---|

COMES NOW the Defendant, Jason Laufenberg, by and through his attorney, Matthew L. Noel and respectfully submits this appeal of the Magistrate Judge's Order of Detention pursuant to 18 U.S.C.§3145(b).

## BACKGROUND

The Defendant was charged with Conspiracy to Distribute a Controlled Substance on June 6, 2023. (Doc. 2 at 1) On June 21, 2023, the Honorable Magistrate Judge Mark Roberts conducted a detention hearing. Before evidence was presented the Government proffered, and the Court took notice of, the Pretrial Services Report and docket 14. (Doc. 14, TR 2:17-24) At the hearing, the Government presented evidence from one witness, Deputy Dan Kearney, from the Dubuque County Sheriff's Office.

Mr. Kearney testified to the investigation into the Defendant and his knowledge of the Defendant's involvement of the larger conspiracy.[1] (TR 3-11) Although Deputy Kearney did testify to some incidents which involved the Defendant directly, much of his testimony involved incidents that

---
[1] The alleged Co-Conspirators have been charged in previous cases before this Court.

did not involve Mr. Laufenberg.2 (TR 3-11).

On cross examination, Deputy Kearney conceded he had not even heard Mr. Laufenberg's name in any intelligence since the fall of 2021, and although Mr. Laufenberg was on the property during the incident in question, Deputy Kearney explained Mr. Laufenberg was in a garage on the property while it was the house which was searched. (TR 11:1-12, 11-12:25-4) Importantly, Deputy Kearney testified he had met with Mr. Laufenberg on at least two occasions after Mr. Laufenberg learned he was going to be charged in this case, a period of at least five months.(TR 12:13-25) Deputy Kearney stated he had no information or feeling Mr. Laufenberg was going to flee, and that he appeared for meetings when he was asked. (TR 13:5-11).

Mr. Laufenberg presented three witnesses on his behalf, the first was his mother, Debbie Laufenberg. Ms. Laufenberg testified she was willing to be responsible for Mr. Laufenberg were he to be released. (TR 15:19-25) She further testified he now lives in Lamotte, Iowa and has for approximately ten years. (TR 14:19-21) Before that Mrs. Laufenberg testified, she had lived in St. Donatus, which is where Mr. Laufenberg grew up. (TR 20:20-24). She explained to the Court she had already begun making preparations for Mr. Laufenberg to reside with her and her boyfriend by relocation her boyfriend's guns from her home for the pendency of this action. (TR 15:10-18) Finally, Mrs. Laufenberg testified that while she tried to stay out of Mr. Laufenberg's daily affairs (including his use of substances) she believed she would be able to notice if he was under the influence and would not hesitate reporting Mr. Laufenberg to the authorities is he were to violate any conditions. (TR 15:19-25, 21:20-25)

Mark Scholtes, Jr. testified next. Mr. Sckholtes testified he was Mr. Laufenberg's employer

---

2 At the hearing the Court used as evidence of risk of flight an incident where an alleged Co-Conspirator took a large amount of money to Las Vegas and lost it all gambling. No evidence was presented that Mr. Laufenberg had any knowledge of this event. (TR 47: 1-9).

and he had been working with Mr. Laufenberg off and on for about a year but that it had been consistent for about the last four months. (TR 25: 8-10, 27: 4-6) He further testified he had no concerns Mr. Laufenberg would appear for work and that work would be consistent for the period of release. (TR 25: 25)

Finally, Wendy Figueroa, a friend of Mr. Laufenberg's testified. She testified she has known Mr. Laufenberg for approximately 2 years, and that in that time she has not seen any evidence of substance use in that time. (TR 30: 17-18) Ms. Figueroa testified that although she is not formally trained in substance abuse issues, she has had several family members with issues, including methamphetamine, which she has helped. (TR 34: 13-17) She testified she would be willing to have Mr. Laufenberg live with her if that court felt that was a more appropriate placement. (TR 32: 9-13) Most importantly, Ms. Figueroa testified that her husband, an attorney in Dubuque, is also friends with Mr. Laufenberg and supports Mr. Laufenberg residing with them. (TR 32: 14-23)

Judge Roberts found that although Mr. Laufenberg rebutted the presumption in this case, the court felt he posed a risk of flight and a danger to the community and ordered him detained.

## ANALYSIS

Pretrial detention should be the exception not the rule. *United States v. Orta,* 760 F,2d 887, 890-91 (8th Cir. 1985) When assessing pretrial release conditions, the Court should determine whether there are conditions which can reasonably assure the Defendant's appearance and the safety of the community.18 U.S.C. 3142(c)

The overwhelming majority of the evidence shows Mr. Laufenberg is no longer involved in the types of activities he is charged with. He has made new friends and associations and has been working multiple jobs in the past few years to support himself. Even the government's

witness conceded he has no information the Defendant is involved in any ongoing criminal conduct for approximately two years. The main influences in Mr. Laufenberg's life now are positive, these associations have told the Court they will hold Mr. Laufenberg to account were he to be released. The reporting and supervision recommendations listed in the Pretrial Services Report are more than adequate to ensure the safety of the community. Additionally, Mr. Laufenberg's friend, attorney Phil Jensen, who is an officer of this Court, will be involved in his life during release and as testified to by his wife, he is accepting of any responsibilities the Court would bestow upon them.

As noted by the Court during the hearing, Mr. Laufenberg's criminal history is not significant. Although he has one felony conviction, it was for a non-violent crime. All of his convictions are nine and a half years old, highlighting, in this case, the indiscretions of youth. Although Mr. Laufenberg had mishaps during supervision before, he is much older and wiser now, and as mentioned below, he has been cooperating with law enforcement in the investigation of this case for several months.

The evidence again shows Mr. Laufenberg is not a risk of flight. As conceded by the government's witness, Mr. Laufenberg knew these charges were coming, as he received a target letter approximately 5 months prior to turning himself in. He has lived his whole life in the jurisdiction of this Court, and with the exception of his brother who lives in Madison, he has no ties to anyone out of the jurisdiction. Mr. Laufenberg made arrangements to turn himself in and he surrendered himself voluntarily.

## **CONCLUSION**

Although the Magistrate Judge correctly found Mr. Laufenberg rebutted the assumption in this case, Mr. Laufenberg believes the Court erred in finding there is not a set of circumstance

which he can be released, and the Court can ensure his appearance and safety to the community. The Defendant respectfully requests the Court overturn the detention order herein and order the Defendant released with any conditions the Court deems appropriate.

                                                /s/ Matthew L. Noel
                                       THE NOEL LAW OFFICE
                                       Matthew L. Noel AT0009781
                                       1610 Garfield Avenue
                                       Dubuque, IA 52002
                                       Phone:   (563) 663-9156
                                       Email:   mnoel@noellawiowa.com
                                       Attorney for Defendant