# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JASON LAUFENBERG, a/k/a Jason Michael Laufenberg, <br><br> Defendant. | No. CR23-1008-LTS-MAR <br><br> **ORDER ON DEFENDANT'S APPEAL FROM PRETRIAL DETENTION ORDER** |

## I. INTRODUCTION

This matter is before me on defendant Jason Laufenberg's appeal (Doc. 20) from an order (Doc. 16) of pretrial detention filed by United States Magistrate Judge Mark A. Roberts. The Government has filed a resistance. Doc. 22. Oral argument is not necessary. *See* Local Rule 7(c).

## II. PROCEDURAL HISTORY

On June 6, 2023, the Grand Jury returned an indictment (Doc. 3) charging Laufenberg with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. During Laufenberg's initial appearance and arraignment on June 15, 2023, the Government made an oral motion for pretrial detention. Docs. 9, 10. Judge Roberts conducted a detention hearing on June 21, 2023. Doc. 15. Dubuque County Sheriff Deputy Dan Kearney testified for the Government. Debbie Laufenberg, Mark Scholtes and Wendy Figueroa testified for Laufenberg. Judge Roberts also considered the information in the pretrial services report (Doc. 14).

Based on the offense charged in the indictment, Laufenberg faced a rebuttable presumption that "no condition or combination of conditions [would] reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C.

§ 3142(e)(3)(A). At the conclusion of the hearing, Judge Roberts found that Laufenberg had rebutted that presumption but also found that there were no conditions that would reasonably assure the safety of the community and reasonably assure Laufenberg's appearance as required if he were to be released. *See* Doc. 15. Judge Roberts then filed a written order (Doc. 16) of detention pending trial. Laufenberg filed his appeal (Doc. 20) on July 5, 2023. The Government filed its response (Doc. 22) on July 12, 2023.

## III. STANDARD OF REVIEW

A United States Magistrate Judge may issue orders "pursuant to Section 3142 of Title 18 concerning release or detention of persons pending trial . . . ." 28 U.S.C. § 636(a)(2). If the magistrate judge orders pretrial detention, the defendant may seek review by a United States District Judge pursuant to 18 U.S.C. § 3145(b). The district judge must then conduct a de novo review of the detention order. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc).

## IV. DISCUSSION

### A. *Standards for Pretrial Detention*

A two-step inquiry is required when the Government moves for pretrial detention. The court must first consider whether the Government has shown, by a preponderance of the evidence, either (a) that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or (b) that the defendant presents certain risk factors, as identified in 18 U.S.C. § 3142(f)(2). If not, then pretrial detention is not authorized. If so, the court must move to the second step and determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other person and the community. 18 U.S.C. § 3142(e).

If pretrial detention is authorized, a defendant may be detained on the basis of a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992) (per curiam); *United States v.*

*Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (per curiam). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community, the court must apply the factors outlined in 18 U.S.C. § 3142(g), which are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. The court must then determine whether any of the conditions under 18 U.S.C. § 3142(c) can reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

*B.     Analysis*

With regard to the first step, pretrial detention is not only authorized in light of the charged offense, but there is also a statutory presumption of detention. *See* 18 U.S.C. §§ 3142(e)(3)(A). Thus, I will move on to the second step and consider whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other person and the community.

Laufenberg argues he has overcome the presumption of detention based on his community ties, stable employment and minimal criminal history. Doc. 20 at 3-4. Because Laufenberg bears only a limited burden of production, I find (as did Judge Roberts) that he has produced sufficient evidence to overcome the presumption. However, I must still consider the presumption among the other factors listed in 18 U.S.C. § 3142(g) to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other person and the community.

The first factor is the nature and circumstances of the offense charged. The Government alleges that Laufenberg took part in a large-scale drug conspiracy connected

3

to hundreds of pounds of methamphetamine and hundreds of thousands of dollars. One confidential informant alleges he sold Laufenberg at least 90 pounds of methamphetamine in just six months. Doc. 20-2 at 4. Another informant left two pounds of methamphetamine hidden in a stroller for Laufenberg at his residence. *Id*. at 5. A third informant alleges he sold at least 25 pounds of methamphetamine to Laufenberg between 2019 and 2020. *Id*. at 7. A fourth informant purchased at least one pound of methamphetamine from Laufenberg, and that informant alleges Laufenberg mentioned he was obtaining another 80 pounds of methamphetamine from a co-conspirator. *Id*. at 8.

In addition, the Government presented evidence that in February 2020, Laufenberg and his co-conspirator Codi Demaio obtained 30 pounds of methamphetamine, which they then sold. At one point, Laufenberg provided Demaio with $25,000 and directed her to travel to California to buy additional methamphetamine, although she ultimately spent the money in Las Vegas. *Id*. at 8-9.[1] Throughout 2020, Laufenberg allegedly dropped wads of cash at a co-conspirator's stash house, in amounts ranging from $6,000 to $40,000 at each drop, totaling at least $300,000. *Id*. at 9-10. Separately, Kearney testified that Laufenberg located an abandoned residence in Dubuque County and directed his co-conspirators to ship methamphetamine to that address. *Id*. at 5. Law enforcement later intercepted two packages mailed to that address containing 1,700 grams of actual pure methamphetamine each. *Id*. at 5-7. In short, the Government has plausibly alleged that Laufenberg acted as a leader in a large-scale drug trafficking organization. The nature and circumstances of the charged offense weigh heavily in favor of detention.

The second factor (the weight of the evidence against Laufenberg) also weighs in favor of detention based on the evidence summarized above. The third factor is Laufenberg's history and characteristics. Laufenberg has long ties to the Dubuque area

---

[1] Judge Roberts noted this fact as particularly troubling, as an enterprise in which $25,000 can be spent haphazardly suggests large amounts of money were flowing through the conspiracy. I agree.

and a moderately-developed release plan. He has some criminal history, but most of it is at least 10 years old. Laufenberg has recently been employed (although the work has been mostly seasonal), and his employer testified on his behalf at the detention hearing, stating that Laufenberg has been a model employee. As for his methamphetamine addiction, Laufenberg last used methamphetamine in 2021 and seems to have achieved sobriety on his own. Laufenberg's history and characteristics weigh in favor of release.

I must also consider the nature and seriousness of the danger to any person or to the community that would be posed by Laufenberg's release. Laufenberg highlights Kearney's testimony that law enforcement officers had not heard any reference to Laufenberg in their investigations since 2021. Laufenberg does not have a passport and he has never traveled abroad. He notes that he did not flee after he received a target letter indicating that he was being investigated. However, the evidence suggests that Laufenberg has helped move hundreds of pounds of methamphetamine while dealing with substantial amounts of cash. The nature and seriousness of the danger to the community that would be posed by Laufenberg's release weighs in favor of detention.

Based on my de novo review, I find that the Government has (1) established by a preponderance of the evidence that no condition or combination of conditions imposed on Laufenberg would reasonably assure his appearance if he were to be released and (2) established by clear and convincing evidence that no conditions or combination of conditions can reasonably assure the safety of any other person and the community if Laufenberg were to be released. Laufenberg's appeal must therefore be denied.

## V. CONCLUSION

For the reasons set forth herein:

1. Defendant's appeal (Doc. 20) is **denied** and the detention order (Doc. 16) is **affirmed**.

2. The period of time between the filing of defendant's appeal and the filing of this order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 19th day of July, 2023.

_____
Leonard T. Strand, Chief Judge